IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHARLES H. BROWN D/B/A
SHOWCASE LOUNGE                                                                PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 4:06CV103-P-B

THE TOWN OF VAIDEN, MISSISSIPPI,
ET AL                                                                         DEFENDANTS

**MEMORANDUM OPINION**

This cause is before the Court on the motion of defendants Vance, Andrews, Turbeville Welch, Cunningham, Vorhees, Meeks and Fluker for qualified immunity [26-1], and on a similar motion filed by defendants Redditt and Spellman [29-1]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

FACTUAL BACKGROUND

The Showcase Lounge is a nightclub which does business in Vaiden, Mississippi. While the patrons were leaving after closing time on March 12, 2006, someone on the public road adjacent to the club began discharging a firearm into the air. One of the club's security officers contacted the Vaiden Police Department. Vaiden police officers Allen Vance and Curtis Bailey responded to the call. Officer Bailey contacted the Carroll County Sheriff's Department to request backup; Deputy Richard Redditt responded to the call and reported to the scene. Subsequent to the officers' arrival, the shooter(s) moved across the highway onto the premises of the 35/55 Truck Stop and continued firing into the air. After attempting unsuccessfully to determine who was responsible for the gunfire,

the law enforcement officers dispersed the crowd.

After clearing the scene of bystanders, Officer Vance and Deputy Redditt entered the Showcase Lounge, whereupon Deputy Redditt took possession of two state issued licenses, e.g., a "Beer Permit and Privilege License" and a "Permit to Engage in Selling Tangible Personal Property."[1] At that time he informed the lounge's manager, Milton Robinson, that the licenses had been suspended pending investigation.[2]

Thereafter, on March 27, 2006 at a specially noticed meeting of the Mayor and Board of Aldermen for the Town of Vaiden, the Board voted to refer Charles Brown, the owner of the Showcase Lounge, for criminal prosecution for violating § 6(c) of Vaiden's municipal ordinance regulating businesses engaged in the sale of alcohol. On March 28, 2006, Mr. Brown was served with an arrest warrant on a misdemeanor charge of disturbing the peace for the March 12, 2006 incident. The matter was tried by Vaiden's municipal court on May 1, 2006; on May 9, 2006, the court found Brown guilty of the charge. Brown appealed his conviction to the Circuit Court of Carroll County and is awaiting a de novo trial.

On or about June 13, 2006, Brown met with Vaiden Mayor George Turbeville. He told the mayor that if Vaiden would return his privilege license, then he could rent the club location for

---

[1] According to the allegations of plaintiff's complaint, Vance and Redditt acted on instructions from Vaiden Police Chief, Terry Andrews.

[2] Correspondence from Vaiden's attorney, Jason M. White, indicates that the Mayor and Board of Aldermen met on March 12, 2006 and voted to revoke Brown's municipal privilege license pending an investigation of the firearms incident. The letter also stated: "[T]he town is willing to reinstate your privilege license which was issued to you by the town once you have obtained a reinstatement of the above-referenced State Tax Commission beer permit and privilege license from the Carroll County Sheriff's Office and/or the State Tax Commission." Exhibit 2 to plaintiff's Affidavit at p. 2.

private functions, a use which would not require a beer permit. Mayor Turbeville replied that Brown could not get his privilege license back due to the pending litigation. At the time of his statement, the only pending litigation was the misdemeanor appeal before the Carroll County Circuit Court.

On or about June 15, 2006, Brown filed suit against the Town of Vaiden, Mississippi, its Mayor, George Turbeville, the individual members of Vaiden's Board of Aldermen, Frances Welch, Lemon Cunningham, Grace Vorhees, Curtis Meeks, and Frederick Fluker. Vaiden Police Officer Allen T. Vance and Chief Terry Andrews were also named as defendants. Likewise, the Complaint named Carroll County and Deputies Richard Redditt and Michael Spellman as defendants. The Complaint asserted a right to damages and injunctive relief pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for alleged violations of Brown's rights under the First and Fourteenth Amendment. Specifically, Counts One through Three of the Complaint allege that the above-named defendants impermissibly infringed Brown's property and liberty interests in violation of the Fourteenth Amendment's due process clause. County Four alleges a conspiracy to deprive plaintiff of due process. Count Five asserts a claim for violation of Brown's right to equal protection under the Fourteenth Amendment. Finally, Count Six sets forth a right of recovery premised on Brown's First Amendment right of access to the courts.

The individual defendants filed responsive pleadings denying any liability and now seek summary judgment on grounds of qualified immunity. The matter has been fully briefed and is ripe for decision.

STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits,

if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corporation v. Catrett, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S. Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. John v. State of La. (Bd. Of T. for State C. & U., 757 F.2d 698, 712 (5th Cir. 1985).

A judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 91 L.Ed.2d 202, 106 S. Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. Phillips Oil Company, v. OKC Corporation, 812 F.2d 265, 272 95th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. See Celotex, 477 U.S. at 323, 106 S. Ct. at 2552. Topalian v. Ehrman, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. McPherson v. Rankin, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. Union Planters Nat. Leasing v. Woods, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. Topalian, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." John, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment, " even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. Id. at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. Ferguson v. National Broadcasting Co., Inc., 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." In Re Municipal Bond Reporting Antitrust Lit., 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed. R. Civ. P. See also Union Planters

5

Nat. Leasing v. Woods, 687 F.2d at 119.

While generally "[t]he burden to discover a genuine issue of fact is not on [the] court, (Topalian, 954 F.2d at 1137), "Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention–the court must consider both before granting a summary judgment." John, 757 F.2d at 712, quoting Keiser v. Coliseum Properties, Inc., 614 F.2d 406, 410 (5th Cir. 1980).

## LEGAL ANALYSIS

The individual defendants seek dismissal of plaintiff's constitutional claims on the basis of qualified immunity. The doctrine of qualified immunity protects state officials from damages liability so long as the official's conduct could have reasonably been considered consistent with the rights they are alleged to have violated. Mendenhall v. Riser, 213 F.3d 226 (5th Cir. 2000). It shields "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S. Ct. 1092 (1986). In order to abrogate defendant's qualified immunity and subject municipal and county officials to potential damages liability, plaintiff must show that: 1) the defendants' actions violated his clearly established constitutional rights; and 2) the individual defendants knew or reasonably should have known their conduct violated his constitutional rights. The Court will apply that analytical framework to each of Brown's claims against the various individual defendants.

I.  Counts One and Two

The first two counts of the complaint assert a right of recovery against Andrews, Vance, and Redditt for their roles in the confiscation of the two licenses from the Showcase Lounge. Turbeville, Welch, Cunningham, Vorhees, Meeks and Fluker are also alleged to be liable for ratifying the

confiscation of the licenses in question.

The defendants assert numerous arguments in favor of dismissing Brown's due process claims against them. This Court need only address one–that of standing. Both the Beer Permit and Privilege License and the Permit to Engage in Selling Tangible Personal Property were issued to Winona Transit Association Inc., not to Brown himself. Although Brown is the sole stockholder in Winona Transit Association Inc., he still lacks standing to bring a cause of action on behalf of the corporation. Gregory v. Mitchell, 634 F.2d 199, 202 (5th Cir. 1981). Plaintiff concedes this point in his response to the defendants' motions. Because plaintiff cannot establish the requisite constitutional injury necessary to defeat qualified immunity, it is, therefore, unnecessary for the Court to concern itself with the objective reasonableness of the defendants' actions. Accordingly, the individual defendants are entitled to dismissal of Counts One and Two.

II.     Counts Three and Four

Counts Three and Four implicate plaintiff's liberty interest in engaging in a lawful occupation. Brown asserts that the defendants published defamatory statements concerning both the Showcase Lounge and him which resulted in damage to the business of the Showcase Lounge. He further alleges that the defendants engaged in a conspiracy to deprive him of his liberty in violation of the Fourteenth Amendment.

Supreme Court precedent makes it clear that a cause sounding in defamation alone is insufficient to state a constitutional claim: "[R]eputation alone, apart from some more tangible interests such as employment, is [n]either 'liberty' nor 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause." Paul v. Davis, 424 U.S. 693, 702, 96 S. Ct. 1155, 1161, 47 L.Ed.2d 405 (1976). However, where one suffers an injury to reputation in conjunction

with the deprivation of another recognized liberty or property interest by a state actor, a §1983 claimant states a cognizable claim. Id. at 710-11, 96 S. Ct. At 1164-65. The Fifth Circuit has since interpreted Paul to require both a stigma to one's reputation and an infringement of another protected interest. San Jacinto Savings & Loan v. Kacal, 928 F.2d 697, 701 (5th Cir. 1991). The applicable evidentiary threshold has been described as follows:

> To fulfill the stigma aspect of the equation, a clamant must "prove that the stigma was caused by a false communication." This Court has found sufficient "stigma" only in concrete, false factual representation or assertions, by a state actor, of wrongdoing on the part of the claimant. To establish the "infringement" portion of the "stigma plus infringement" test, a claimant must establish that the state sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights that has been "incorporated."

Id. at 701-02.

Based on a review of the Complaint and the plaintiff's submissions in opposition to the defendants' motions, this Court can identify no allegedly false statements attributable to defendants Vance, Andrews, Welch, Cunningham, Vorhees, Meeks, Fluker or Redditt.[3] The only statements

---

[3] Plaintiff attributes a number of other alleged statements to the defendants collectively. They are, as follows:

    (A).    A statement implying that Plaintiff was in violation of the laws governing his light wine and beer permit because on Christmas morning 2004 there was a "riot" at the Showcase Lounge involving a "mob of 300" which could not be controlled by Vaiden's police force which only had two officers; and, because "much alcohol [was] involved and most of the rioters were minors.

. . .

. . .

    (D).    That there had been a shooting incident at the Showcase Lounge in February 2006.

8

tied to specific defendants are those allegedly made by Deputy Spellman and Mayor Turbeville. According to the Complaint, Spellman is quoted in the March 16, 2006 edition of *The Conservative* as having said: "We pulled their license . . . and we're assisting the city in doing anything we possibly can for the safety of the people in Vaiden." Likewise, Turbeville is alleged to have said that he, as mayor, "did . . . along with the board and the sheriff's department, approve the closure [of the Showcase Lounge]." Review of the record evidence in this case reveals no obvious falsity in either Spellman or Turbeville's remarks. The Sheriff's Department <u>did</u>, in fact, pull the licenses and the Mayor and Board of Alderman <u>did</u>, in fact, approve the closure of the Showcase Lounge.

Plaintiff, however, urges the Court to look beyond the statements themselves and to infer additional meaning; he contends Spellman's statement "inescapably" implies that the continued operation of the Showcase Lounge was a threat to the safety of Vaiden's citizenry. Turbeville's statement, according to plaintiff, "necessarily" implies that 1) plaintiff permitted the March 12, 2006 shooting incident; 2) that the shooting incident occurred on plaintiff's premises; 3) that the incident violated the conditions of the beer permit; and 4) said violation justified the closing of the Showcase

---

(E). That there had been a fighting incident at the Showcase Lounge in April 2005, which was related to the earlier fight at the club in December 2004.

(F). A statement that the Board of Alderman, after its "investigation . . . unanimously agreed to issue a warrant for Brown's arrest based on a violation of Section 6(c) of the town's Wine and Beer Ordinance . . . ."

(G). That the City of Vaiden would "reinstate" Plaintiff's privilege license after he had obtained the "reinstatement of his beer permit by either the Carroll County Sheriff's Office or the State Tax Commission.

Plaintiff's Verified Complaint at p. 13-15. Following each of the above statements is commentary explaining the "necessary" import of the remarks.

9

Lounge.  Based on this Court's understanding of Kacal, such an inferential leap is not only unjustified, but also impermissible.  Because Brown has not come forward with any evidence that either Spellman or Turbeville made "concrete, false factual representations or assertions," their statements do not satisfy the stigma element requisite to recovery for reputation injuries under § 1983.[4][5]  The defendants are, therefore, entitled to judgment as a matter of law on Count Three of the Complaint.

Plaintiff also alleges that the defendants conspired to deprive him of his liberty without due process.  In order to succeed on such a conspiracy claim, Brown must prove an actual violation of his liberty interest.  Villanueva v. McInnis, 723 F.2d 414, 418 (5th Cir. 1984).  As indicated supra, plaintiff cannot meet this element of his claim.  The Court will grant the defendants' motion for summary judgment as to Count Four of the Complaint.

III.    Count Five

Brown's Complaint also alleges that the decision of Mayor Turbeville and the individual members of the Board to pursue criminal charges against him for an alleged violation of § 6(c) of Vaiden's beer and light wine ordinance infringed his right to equal protection under the Fourteenth Amendment.  He contends the defendants' failure to prosecute the owner of the 35/55 Truck Stop for violation of the same ordinance amounted to constitutionally impermissible selective prosecution.[6]

---

[4] The other statements attributed to defendants suffer the same deficiency.

[5] As a result, this Court need not consider the second prong of the test set forth in Kacal.

[6] Plaintiff's Complaint raises an equal protection argument with regard to the confiscation of the privilege and beer permits on March 12, 2006, as well as the temporary closure of the Showcase Lounge necessitated thereby.  As with Counts I and II, Brown lacks

The government possesses broad discretion in making prosecutory decisions. United States v. Sparks, 2 F.3d 574 (5th Cir. 1993). To succeed on an equal protection claim premised on selective prosecution, a plaintiff must ordinarily prove: 1) that others similarly situated have not been prosecuted for the same conduct for which he was prosecuted; and 2) that the government premised its decision to prosecute the plaintiff on an unjustifiable ground such as race, religion or other arbitrary classification. Id.

In this case, the plaintiff concedes he has no proof that Turbeville and the Board of Alderman voted to prosecute him because of his membership in a suspect class. Instead, he argues that he is a "class of one" and that he need only show that government lacked a rational basis for its decision to defer prosecution of the owner of the 35/55 Truck Stop while referring him on misdemeanor charges. However, the "rational relationship" test touted by plaintiff is a deferential one. Ohio Bureau of Employment Services v. Hodory, 431 U.S. 471, 489, 97 S. Ct. 1898, 1908, 52 L.Ed.2d 513 (1977). Defendants urge the Court to find no prima facie constitutional violation based on plaintiff's inability to establish unequal treatment of a similarly situated individual and on grounds that the defendants conduct was rationally related to a legitimate government interest.

In the instant case, the plaintiff has failed to demonstrate that he and the owner of the Showcase Lounge are similarly situated for purposes of an equal protection claim. The record is clear that the gunfire occurred on or in close proximity to the premises of the Showcase Lounge and that Showcase Lounge security personnel reported the incident to the Vaiden Police Department. Only <u>after</u> police responded to the scene did the unidentified individual cross the highway to the Truck Stop parking lot and continue firing the weapon in the air. This distinction is sufficient to

---

standing to press a constitutional claim on behalf of the corporation.

defeat plaintiff's argument of differential treatment of similarly situated persons. Given how events unfolded in the early morning hours of March 12, 2006, there is ample basis to support the individual defendants' exercise of prosecutorial discretion.[7] Because the record evidence fails to evince a cognizable constitutional injury, the defendants are entitled to judgment as a matter of law as to plaintiff's equal protection claim.

IV. Count Six

The final count of the Complaint alleges a right of recovery for Mayor Turbeville's alleged interference with Brown's First and Fourteenth Amendment right of access to the Courts. The factual predicate for his claim is Turbeville's representation that Brown's appeal of the misdemeanor conviction to the Circuit Court of Carroll County was an impediment to the reinstatement of his municipal privilege license. After a thorough consideration of the arguments posited by both parties, the Court concludes that a reasonable trier of fact could conclude that Turbeville's actions violated plaintiff's constitutional right of access to the Courts. The Court likewise concludes that there is a genuine issue of material fact as to the objective reasonableness of Turbeville's actions. As a result, summary judgment based on qualified immunity is inappropriate. Defendants' motion is not well-taken and should be denied with regard to Brown's claim against Turbeville in his individual capacity.[8]

---

[7] Even assuming that the plaintiff adduced sufficient evidence to demonstrate a genuine issue of material fact regarding the denial of equal protection, this same set of facts is sufficient to support a finding that the Mayor and Board of Alderman's acts were objectively reasonable in light of the clearly established law at the time; therefore, the defendants neither knew nor should have known that their conduct violated Brown's constitutional rights.

[8] The other individual defendants played no role in plaintiff's claim as pleaded in Count Six. Accordingly, they are entitled to dismissal as party defendants.

CONCLUSION

Based on the foregoing facts and analysis, the Court finds that the motion of defendants Vance, Andrews, Turbeville Welch, Cunningham, Vorhees, Meeks and Fluker for qualified immunity [26-1] should be granted in part and denied in part. Furthermore, the motion of defendants Redditt and Spellman [29-1] should also be granted. An Order will issue accordingly.

This, the 29th day of March, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE